IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

RAUL ANTONIO GUTIERREZ NARVAEZ, §
§
§
§
*Petitioner*, §
§
v. §        CIVIL ACTION NO. 9:26-CV-00570
§        JUDGE MICHAEL J. TRUNCALE
UNITED STATES IMMIGRATION & §
CUSTOMS ENFORCEMENT, ALEX §
SANCHEZ, Warden, IAH Secure Adult §
Detention Facility, Livingston, Texas, §
§
§
§
*Respondents*. §

## ORDER DENYING PETITION FOR HABEAS CORPUS

Before the Court is Petitioner Raul Antonio Gutierrez Narvaez (Gutierrez)'s *pro se* Petition for Writ of Habeas Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Gutierrez is a Nicaraguan national who entered the United States in 2023. [Dkt. 1] Although an immigration judge ordered Gutierrez removed to Nicaragua in 2023, he was not detained by immigration authorities until June 2026. *Id.* On July 31, 2026, Gutierrez brought a habeas corpus petition, claiming that his detention violates federal law. *Id.*

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex.

1

Sep. 26, 2025).

### III. DISCUSSION

### A. Post-Removal Detention

Because Gutierrez has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention of six months or less following the issuance of a removal order is presumptively valid. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). Gutierrez's Petition indicates that he has only been detained since June 2026. *See* [Dkt. 1]. Hence, his challenge is premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

### IV. CONCLUSION

It is therefore **ORDERED** that Gutierrez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of August, 2026.**

Michael J. Truncale
United States District Judge

2